IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


NEAL D. BROWN,                         )     CASE NO. 3:11 CV 2725
                                       )
                  Petitioner,          )     JUDGE BENITA Y. PEARSON
                                       )
        v.                             )     MAGISTRATE JUDGE
                                       )     WILLIAM H. BAUGHMAN, JR.
JOHN COLEMAN,                          )
                                       )
                  Respondent.          )     **<u>REPORT & RECOMMENDATION</u>**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -3-
       A.     Background facts, trial and sentence . . . . . . . . . . . . . . . . . . . . . . . . . .   -3-
       B.     Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -4-
             1.     Court of appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -4-
             2.     Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -6-
       C.     Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -7-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -11-
       A.     Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -11-
       B.     Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -12-
             1.     Non-cognizable claim; Fourth Amendment . . . . . . . . . . . . . . . .   -12-
             2.     AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -13-
       C.     Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -16-
             1.     Ground one – claiming an alleged violation of the Fourth
                    Amendment – should be dismissed as non-cognizable. . . . . . . .   -16-
             2.     All four remaining claims should be denied after AEDPA review
                    because the decision of the Ohio court in rejecting each claim was
                    not an unreasonable application of clearly established federal law.
                    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -19-
                    a.     Ground two – fundamentally unfair trial because of
                         prosecutorial misconduct  . . . . . . . . . . . . . . . . . . . . . . .   -19-
                    b.     Ground three – the sentence is cruel and unusual because it
                         imposes cumulative punishments for the same offense . .   -22-

       c.      Ground four – improper comment on Brown's silence at trial;
               Ground five – improper consideration of Brown's lack of
               remorse in sentencing  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -27-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -29-

## Introduction

Before me by referral[1] is the petition[2] of Neal D. Brown[3] for a writ of habeas corpus under 28 U.S.C. § 2254. Brown, who was convicted by an Allen County jury in 2010 on various drug possession charges[4] and then sentenced to a total term of 25 years in prison,[5] is now incarcerated at the Allen Correctional Institution.[6] He raises five grounds for relief,[7] which the State asserts should be denied in part as without merit and dismissed in part as non-cognizable.[8] Brown has filed a traverse.[9]

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson in a marginal entry order dated December 15, 2011.

[2] ECF # 1.

[3] Brown is also known as William Neal Brown, which is how he is identified on the website of the Ohio Department of Rehabilitation and Corrections.

[4] ECF # 6 (state court record) at 87.

[5] *Id.* at 93.

[6] ECF # 1.

[7] *Id.*

[8] ECF # 5 at 6.

[9] ECF # 7.

For the reasons that follow, I will recommend that the petition be denied in part and dismissed in part, as will be more fully detailed below.

## Facts

### A.      Background facts, trial and sentence

As found by the Ohio appeals court,[10] Brown was indicted in 2009 on four counts of possessing crack cocaine and cocaine in various amounts, including possession of cocaine in an amount exceeding one thousand grams.[11] After initially entering a plea of not guilty, Brown moved to suppress evidence seized in a search of his home.[12] Following a hearing, that motion was denied, and a jury trial was commenced, at which Brown was found guilty on all four counts.[13] Subsequent to a later forfeiture and sentencing hearing, Brown was ordered to forfeit a 1996 Chevrolet Tahoe and was sentenced to a total of 25 years in prison.[14]

---

[10] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[11] ECF # 5, Attachment (state court record) at 271.

[12] *Id.* at 272.

[13] *Id.*

[14] *Id.* at 272-73. He was also fined and had his driver's license suspended.

**B.**     **Direct appeal**

*1.*     ***Court of appeals***

Represented by the same counsel as had defended him at trial,[15] Brown then timely

appealed,[16] raising the following seven assignments of error:

I.     The Trial Court denial of the defense motion to suppress errantly violated Mr. Brown's rights to be free from unreasonable searches and seizures, as protected by both the Ohio Constitution and the United States Constitution.

II.     Mr. Brown was denied a fair trial, in violation of the Ohio Constitution and the United States Constitution, when the prosecutor was allowed to comment negatively upon the assertion by Mr. Brown of his right to counsel and of his right to be free from unwarranted and unreasonable searches and seizures of his body.

III.     All four counts (I, II, III, and IV) should have merged into one (1) conviction and should have been sentenced as such.

IV.     The sentence imposed in this case was unlawful, as cruel and unusual punishments and to cumulative punishments for the same offense, in violation of rights under the Ohio Constitution and the United States Constitution to be free from cruel and unusual punishments and to be not twice placed in jeopardy for the same offense.

V.     The Trial Court violated Mr. Brown's constitutional right under both the Ohio Constitution and the United States Constitution to remain silent by commenting negatively upon his continued assertion of that right at sentencing.

---

[15] Attorney Kenneth J. Rexford represented Brown throughout the state court proceedings and now represents him in this federal habeas action. ECF # 1 at 14.

[16] The conviction was final on April 6, 2010 (ECF # 5-1 at 113) and Brown's notice of appeal was filed on April 30, 2010. *Id.* at 103. Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within thirty days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

VI.    The Ohio Revised Code unlawfully and unconstitutionally requires the sentencing judge to consider whether the accused "showed genuine remorse," thereby placing a penalty on the refusal to make a statement at sentencing, in violation of the right under the Ohio Constitution and under the United States Constitution to remain silent.

VII.    The sentence imposed in this case was also a retaliatory sentence punishing assertion of the right to a trial by jury.[17]

The State filed a brief in opposition,[18] to which Brown replied.[19] The Ohio appeals court thereupon found all of Brown's assignments of error without merit and affirmed the conviction and sentence.[20] Brown's motion to reconsider that decision as to the first assignment of error[21] was denied.[22]

---

[17] ECF # 5-1 at 115.

[18] ECF # 5-1 at 231.

[19] *Id*. at 265.

[20] *Id.* at 270.

[21] *Id.* at 310.

[22] *Id.* at 318.

2.    *Supreme Court of Ohio*

Brown, through his same counsel, then timely appealed[23] to the Supreme Court of

Ohio, asserting the following six propositions of law in his memorandum in support of

jurisdiction:

> **Proposition of Law No. 1:** The Trial Court denial of the defense motion to suppress errantly violated Mr. Brown's rights to be free from unreasonable searches and seizures, as protected by both the Ohio Constitution and the United States Constitution.

> **Proposition of Law No. 2:** Mr. Brown was denied a fair trial, in violation of the Ohio Constitution and the United States Constitution, when the prosecutor was allowed to comment negatively upon the assertion by Mr. Brown of his right to counsel and of his right to be free from unwarranted and unreasonable searches and seizures of his body.

> **Proposition of Law No. 3:** All four counts (I, II, III, and IV) should have merged into one (1) conviction and should have been sentenced as such.

> **Proposition of Law No. 4:** The sentence imposed in this case was unlawful, as cruel and unusual punishments and to cumulative punishments for the same offense, in violation of rights under the Ohio Constitution and the United States Constitution to be free from cruel and unusual punishments and to be not twice placed in jeopardy for the same offense.

> **Proposition of Law No. 5:** The Trial Court violated Mr. Brown's constitutional right under both the Ohio Constitution and the United States Constitution to remain silent by commenting negatively upon his continued assertion of that right at sentencing.

--------------------------------------------------

[23] The appellate decision denying the motion to reconsider was journalized on May 4, 2011 and Brown's notice of appeal to the Ohio Supreme Court was entered on June 10, 2010. *Id.* at 319. To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

**Proposition of Law No. 6:** The Ohio Revised Code unlawfully and unconstitutionally requires the sentencing judge to consider whether the accused "showed genuine remorse," thereby placing a penalty on the refusal to make a statement at sentencing, in violation of the right under the Ohio Constitution and under the United States Constitution to remain silent.[24]

The State did not file a responsive brief.[25] On October 5, 2011, the Supreme Court of Ohio denied Brown leave to appeal, dismissing his appeal as not involving any substantial constitutional question.[26] The record does not indicate that Brown then sought a writ of certiorari from the Supreme Court of the United States.

## C.    Federal habeas petition

Brown, again through attorney Rexford, timely filed[27] the present petition for habeas relief raising the following five grounds:

**GROUND ONE:** The denial of the defense motion to suppress errantly violated Mr. Brown's rights to be free from unreasonable searches and seizures, as protected by the United States Constitution.

**Supporting facts:** Law enforcement executed a search warrant upon a residence with supporting facts that were insufficient, involving seconds of viewing a men marginally tied to a transaction elsewhere merely on the property and speaking to no person and not entering any building. The issuance of the warrant was also tainted by misleading falsities, including mischaracterizing the suspect (with no prior record of substance) as if he were actually a known Miami Florida cartel member. The search exceeded the scope of the warrant and extended unlawfully into vehicles known to be owned by others not residents of the house or suspects of crime. The officers also

---

[24] ECF # 5-1 at 323.

[25] *See*, ECF # 5 at 5.

[26] ECF # 5-1 at 380.

[27] The present petition was filed on December 15, 2011. ECF # 1.

exceeded the scope of a daylight-only search. The issue is the ability of the State to use certain evidence against Mr. Brown in the State case in chief, evidence seized as a result of a search and seizure at 110 East 14th Street. The first question is whether the affidavit provided sufficient probable cause for the issuance of that war-rant. Related is whether law enforcement misled the judiciary in material facts that were used to support the issuance of the warrant. Law enforcement cannot lie to the judiciary, providing false facts that would justify issuance of the search warrant if true, and then claim that the search warrant was supported by probable cause because the lies would be sufficient.[28]

**GROUND TWO:** Mr. Brown was denied a fair trial, in violation of the Ohio Constitution and the United States Constitution, when the prosecutor was allowed to comment negatively upon the assertion by Mr. Brown of his right to counsel and of his right to be free from unwarranted and unreasonable searches and seizures of his body.

**Supporting facts:** In this case, the following improper line of questions is at issue:

> Q OKAY. And based upon that did you ask the defendant if he would provide a DNA sample?
> A Yes, Ma'am.
> Q Okay. And did he agree to do that:
> A He did not agree to it. (Tr. Jury, p. 263)

The defense objected to this line and sought a mistrial. (Tr. Jury, pp. 271-273) The Trial Court sort of deferred ruling. (Tr. Jury, p. 273) An attempt to cure the problem was done by defense counsel. (Tr. Jury, pp. 289-291) Upon further request, the Trial Court gave a botched limiting instruction. (Tr. Jury, pp. 294-295) This did not cure the error.[29]

**GROUND THREE:** The sentence was unlawful, as cruel and unusual punishments and to cumulative punishments for the same offense, in violation of rights under the United States Constitution to be free from cruel and unusual punishments and to be not twice placed in jeopardy for the same offense.

---

[28] ECF # 1 at 6.

[29] *Id.* at 8.

-8-

**Supporting facts:** Brown was indicted for 4 counts of Possession of Cocaine. Each act occurred simultaneously. All drugs were at his residence, whether in the house or in a vehicle parked at the residence, while Brown was not present. The cocaine was in two forms, powder and crack. These are all allegations of one single act, namely possession of cocaine. Possessing powder cocaine and crack cocaine at the time, as one transaction or as one act, is a single offense, not two separate acts, let alone four separate acts because of different locations of the cocaine. The entire remaining inquiry, as to weight and nature of the cocaine, is relevant only to degree of the one offense. This is particularly the case in that there are only two forms of cocaine that are relevant – powder and crack – and yet there were four counts. Hence, this still yields a maximum of two acts.[30]

**GROUND FOUR:** The Trial Court violated Mr. Brown's constitutional right under both the Ohio Constitution and the United States Constitution to remain silent by commenting negatively upon his continued assertion of that right at sentencing.

**Supporting facts:** Mr. Brown asserted his right to remain silent at sentencing. The Trial Court noted that "the record would show the defendant declines to make any statement and also based upon his client's representation. Be so noted." Then, when addressing "genuine remorse," in the context of the assertion of the right to remain silent, the Trial Court stated, "The defendant [has] the right to do or say, or whatever. But he shows no genuine remorse for the offense."[31]

**GROUND FIVE:** The Ohio Revised Code unlawfully and unconstitutionally requires the sentencing judge to consider whether the accused "showed genuine remorse," thereby placing a penalty on the refusal to make a statement at sentencing, in violation of the right under the United States Constitution to remain silent.

**Supporting facts:** Mr. Brown asserted his right to remain silent at sentencing. The Trial Court noted that "the record would show the defendant declines to make any statement and also based upon his client's representation. Be so noted." Then, when addressing "genuine remorse," in the context of the

---

[30] *Id.* at 9.

[31] *Id.* at 11.

assertion of the right to remain silent, the Trial Court stated, "The defendant [has] the right to do or say, or whatever. But he shows no genuine remorse for the offense." R.C. §2929.12(D)(5) provides as follows: The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes: * * * (5) The offender shows no genuine remorse for the offense. The "opposite" provision is R.C. §2929.12(E)(5), which provides as follows: (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes: * * * (5) The offender shows genuine remorse for the offense. Failing to speak at all is a failure to "show" remorse. Ohio's sentencing guidelines cannot punish the exercise of the right to remain silent, a right protected by the United States Constitution that survives even a conviction, if that statement itself would subject the person to additional punishment. In a case such as this, a refusal to speak at sentencing, after a contested jury trial intended for appeal, carries with it the statutorily-mandated consideration of that refusal to speak as an aggravating factor. This is not permitted. Although Ohio's Foster decision rendered these factors only advisory, the statute and the Ohio Supreme Court nonetheless advise that silence be used against an accused, because that silence is, in fact, a failure to show genuine remorse. In this case, the Trial Court did in fact make a specific ruling as to Mr. Brown's failure to show remorse, as described in the prior Assignment of Error. Thus, the advisory direction was actually followed, and the silence of the accused was noted as an aggravating factor.[32]

The State, in its return of the writ, argues that the petition should be dismissed in part as non-cognizable and/or denied in part as meritless.[33] Brown has filed a traverse.[34]

---

[32] *Id.* at 15.

[33] ECF # 5.

[34] ECF # 7.

-10-

# Analysis

**A.     Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Brown is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Brown meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[35]

2.    There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[36]

3.    In addition, Brown states,[37] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[38]

4.    Moreover, subject to the fair presentment arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[39]

---

[35] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[36] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[37] ECF # 1 at 13.

[38] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[39] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

5.     Finally, because Brown is represented by counsel, he has not requested the appointment of counsel,[40] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[41]

## B.    Standards of review

### 1.    *Non-cognizable claim; Fourth Amendment*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[42] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[43] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[44]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[45] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate

---

[40] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[41] 28 U.S.C. § 2254(e)(2).

[42] 28 U.S.C. § 2254(a).

[43] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[44] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[45] *Estelle*, 502 U.S. at 67-68.

-12-

the "fundamental fairness" of a trial.[46] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[47]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[48] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[49] and may not second-guess a state court's interpretation of its own procedural rules.[50] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[51] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[52]

## 2.    *AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that

---

[46] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[47] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[48] *Id.*

[49] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[50] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[51] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[52] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[53]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[54] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[55] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[56]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law

---

[53] 28 U.S.C. § 2254(d).

[54] *Williams v. Taylor*, 529 U.S. 362 (2000).

[55] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[56] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

-14-

erroneously or incorrectly."[57] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[58]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[59] and "highly deferential" to the decision of the state court.[60] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[61] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[62]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[63]

_____

[57] *Williams*, 529 U.S. at 411.

[58] *Id*. at 409.

[59] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[60] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[61] *Richter*, 131 S. Ct. at 786.

[62] *Id.* at 786-87.

[63] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[64] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[65] In such circumstances, the federal habeas court must give deference to the decision of the state court.[66]

## C.   Application of standards

### 1.   *Ground one – claiming an alleged violation of the Fourth Amendment – should be dismissed as non-cognizable.*

In ground one, Brown argues that the trial court's denial of his motion to suppress violated his Fourth Amendment right to be free of unreasonable searches. In that motion, he had contended, *inter alia*, that the probable cause information supporting the issuance of the warrant to search the residence was insufficient, in that it described nothing being removed from the residence or delivered to it that would indicate drug activity.[67] At best, Brown maintained, the affidavit was mere conjecture by the confidential informant as to what certain individuals involved with drugs may have been doing at that residence, combined with

---

[64] *Richter*, 131 S. Ct. at 784-85.

[65] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[66] *Brown*, 656 F.3d at 329.

[67] ECF # 5-1 at 14.

-16-

hearsay information that Brown was also involved with drugs.[68] In addition, Brown contended that law enforcement intentionally mislead the court about the defendant's prior criminal record and that the actual search as conducted went beyond that authorized by the search warrant.[69]

As noted, the trial court conducted a hearing on the motion to suppress. Based on the evidence developed at the hearing, the trial court denied the motion to suppress. It found first that any inaccuracies concerning the prior criminal record of a different William Brown were only relevant to issuing the warrant as a "no-knock" warrant and did not affect the probable cause finding.[70] It further found that there was probable cause for the warrant and that the actual search was within the scope of the warrant.[71]

Here, the State argues that this entire ground for relief should be dismissed as non-cognizable. It asserts that, under *Stone v. Powell*,[72] the Supreme Court teaches that where there is a state procedural mechanism for adjudicating a Fourth Amendment claim and that mechanism was, in fact, adequate in the present case, a habeas claim based on the Fourth Amendment should be dismissed as non-cognizable.[73] Brown, for his part, asserts that the

---

[68] *Id.*

[69] *See*, *id.* at 63.

[70] *Id.* at 85.

[71] *Id.* at 85-86.

[72] *Stone v. Powell*, 428 U.S. 465 (1976).

[73] ECF # 5 at 9-11.

current Supreme Court would decide *Powell* differently, or that *Powell* no longer remains

good law after enactment of the AEDPA, and/or that the procedural mechanism in Ohio has

not been shown to be adequate in his case, thus justifying the invocation of *Powell* in this

matter.[74]

In fact, as Judge Zouhary observed in *Lennox v. Goodrich*, the Sixth Circuit has

recently "acknowledged that *Stone* continues to preclude habeas relief for Fourth

Amendment claims after the enactment of the AEDPA."[75] In that regard, the clear rubric in

the Sixth Circuit is that a "Fourth Amendment habeas claim may proceed only if it includes

an allegation of procedural dysfunction that precluded petitioner from fully and fairly

litigating the claim in state court."[76] Specifically, the Sixth Circuit requires that the court

determine: (1) whether the state procedural mechanism, in the abstract, presents the

opportunity to raise the Fourth Amendment claim, and (2) whether the presentation of the

petitioner's claim was, in fact, frustrated by a failure of that mechanism.[77]

Here, while Brown argues that the result of the suppression hearing was incorrect, he

has not alleged that there was any structural failure of Ohio's mechanism for adjudicating his

claim. Instead, the uncontested facts are, much as they were noted by Judge Zouhary in

---

[74] ECF # 7 at 11-18.

[75] *Lennox v. Goodrich*, No. 1:12 CV 1017, 2013 WL 5874746, at * 2 (N.D. Ohio Oct. 30, 2013) (citing *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013)).

[76] *Id.* (citing *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000).

[77] *Machacek*, 213 F.3d at 952.

-18-

*Lennox* , that the petitioner moved to suppress evidence he argued was obtained in violation of the Fourth Amendment; the trial court conducted a full hearing on that motion, taking testimony and reviewing exhaustive briefs; the trial court issued a full written opinion explaining why it was denying the motion; the petitioner then appealed that denial to the Ohio appeals court; which court then also provided a full, reasoned opinion as to why it upheld the decision of the trial court.

Thus in this case, similar to what *Lennox* found, "[t]he state courts provided an opportunity for a full and fair litigation of petitioner's Fourth Amendment claim, of which petitioner availed himself."[78] Because there was such a full and fair adjudication of the claim in the Ohio courts, and because here, as in *Lennox*, Brown does not allege any procedural dysfunction in those courts, I recommend concluding, as in *Lennox*, that "this claim is not cognizable on federal habeas review."[79]

**2.      *All four remaining claims should be denied after AEDPA review because the decision of the Ohio court in rejecting each claim was not an unreasonable application of clearly established federal law.***

*a.      Ground two – fundamentally unfair trial because of prosecutorial misconduct*

Here, Brown contends that it was improper for the prosecutor to engage in the following exchange at trial:

> Q: Okay. And it's my understanding that you – there had been some evidence preserved from the narcotics that were seized from 110 E. 14th St., is that correct?

---

[78] *Lennox*, 2013 WL 5874746, at *2.

[79] *Id.*

-19-

A: Correct.

Q: Okay. And based upon that did you ask the defendant if he would provide a DNA sample?

A: Yes, Ma'am.

Q: Okay. And did he agree to do that?

A: He did not agree to it.

Q: Okay.

A: At which time I prepared a search warrant and presented it to the judge up here in Allen County Common Pleas Court and they did sign that we had probable cause to obtain DNA from Mr. Brown.

Q: Okay. And then was the DNA sample subsequently taken from this defendant?

A: Yes, Ma'am.

Q: Okay, and were you present when that was taken?

A: Yes, I was.[80]

The Ohio appeals court considered the claim under the rubric of *Doyle v. Ohio.*[81]

*Doyle* teaches that while the Miranda warning contains "no express assurance that silence will carry no penalty, such assurance is implicit to anyone who receives the warning."[82]

*Doyle* held that to permit the prosecutor to use the arrested person's post-Miranda silence to impeach a later statement made during trial would be "fundamentally unfair and a

---

[80] ECF # 6 (transcript) at 263-64.

[81] *Doyle v. Ohio*, 426 U.S. 610 (1976).

[82] *Id.* at 618.

deprivation of due process."[83] In that regard, the Ohio appeals court found that the exchange cited above did not amount to the prosecution improperly imposing a penalty on Brown for exercising his constitutional rights.[84] Further, it noted that: (1) defense counsel followed this line of questioning by obtaining a statement from the witness on cross-examination that Brown had a constitutional right to refuse to consent to the DNA search; and (2) the court provided a limiting instruction to the jury that again re-emphasized that Brown had a constitutional right "'not to incriminate himself [by relinquishing his DNA] and that once he asserted that right the State had the right to get a search warrant.'"[85]

In light of all of the above-cited factors, the Ohio court determined that the prosecutor's remark "was only made in an effort to establish the sequence of events regarding how Brown's DNA evidence was used for comparison purposes" to the other DNA found on the drug packing at the house and was not done for any improper purpose of impeaching him for his refusal to consent to a DNA search.[86] Moreover, it found that as a result of defense counsel's cross-examination "it was made abundantly clear to the jury that Brown had a Fourth Amendment right to refuse to consent to the search" – a fact that was re-emphasized to the jury by the court's limiting instruction.[87] The appeals court also

---

[83] *Id.*

[84] ECF # 5-1 at 290.

[85] *Id.* at 292 (quoting transcript).

[86] *Id.*

[87] *Id.*

observed that the State made no other attempt throughout the trial to comment on Brown's refusal to consent to a DNA search.[88] Thus, the court concluded, "overall Brown received a fair trial" in this regard.[89]

For the same reasons identified by the Ohio court, I now recommend finding that the Ohio appellate decision was not an unreasonable application of the clearly established law of *Doyle*. The facts show that Brown suffered no penalty because of his exercise of his constitutional right not to consent to the DNA search. Accordingly, I recommend that ground two be denied.

b.       *Ground three – the sentence is cruel and unusual because it imposes cumulative punishments for the same offense*

Brown's argument here is that although he was convicted on four counts, he was essentially convicted only of a single thing – the possession of cocaine. He contends that the fact that the cocaine was in two forms (powder and crack) and in different amounts and locations (the residence and a vehicle) is relevant only as they are different degrees of a single offense.[90] Alternatively, he contends that the charges should have been merged into two counts – one each for possession of crack cocaine and powdered cocaine.[91]

---

[88] *Id.* at 292-93.

[89] *Id.* at 293.

[90] ECF # 7 at 33.

[91] *See*, ECF # 1.

At the court of appeals, Brown argued that his case was different from those that might be analyzed under the longstanding federal law of *Blockburger v. United States*.[92] He maintained that there are not two separate offenses to consider in conducting a *Blockburger* analysis of whether one offense contains an element that the other does not.[93] Rather, he suggested that a close reading of the statute prescribing possession of cocaine in small amounts shows that the legislature did not intend to create separate offenses for possession of crack cocaine and powder cocaine, even in larger amounts.[94] Thus, he argued, without a clear legislative intent to create two distinct crimes, the Double Jeopardy Clause was violated.

The Ohio appeals court reviewed this somewhat novel claim in light of Ohio law's current law of double jeopardy as articulated in *State v. Johnson*.[95] In that regard, the federal district court in the Southern District of Ohio recently concluded that while federal habeas courts do not re-examine whether Ohio courts correctly adjudicated a claimed violation of Ohio law, federal habeas courts accept that "Ohio law in this regard is derived from the same concerns as that of the Double Jeopardy Clause [of the Fifth Amendment]."[96] Moreover, in

---

[92] *Blockburger v. United States*, 284 U.S. 299 (1932).

[93] ECF # 5-1 at 138.

[94] *Id.* at 138-39.

[95] *State v. Johnson*, 128 Ohio St. 3d 153, 942 N.E.2d 1061 (2010).

[96] *Jones v. Warden*, No. 2:12-CV-00150, 2013 WL 6181468, at ** 6-7 (S.D. Ohio Nov. 26, 2013) (citing cases).

addition to acknowledging in the first instance that Brown presented this matter as a federal

claim to the Ohio courts, I further observe that although the claim was largely resolved as a

matter of state law, the claim here was also resolved in an analysis that explicitly considered

the federal law of *Blockburger*.[97] Thus, from both the standpoint that the Ohio law in this

area is seen as reflective of clearly established federal law, and from the position that full

AEDPA deference is given to decisions where a state court resolves a federal claim utilizing

federal law, I will consider the Ohio court decision here as one due full deference under

AEDPA review.[98]

Here, the appeals court noted first that Ohio's test for double jeopardy now involves

two questions: (1) whether it is possible to commit one offense and commit the other offense

with the same conduct; and (2) whether the offenses were committed by the same conduct,

*i.e.*, a single act, committed with a single state of mind.[99] If the court finds that the crimes

were committed separately or that there was a separate animus for each crime, the defendant

may be convicted of both offenses.[100]

The court then first rejected Brown's argument that there was only the single offense

of cocaine possession. Employing a *Blockburger* analysis, the appeals court found that

---

[97] ECF # 5-1 at 296-97.

[98] I also note that even to the degree the Ohio decision does not explicitly rest on analysis of federal law, its resolution of Brown's claim is nevertheless entitled to AEDPA deference. *See*, *Richter*, 131 S. Ct. at 786.

[99] ECF # 5-1 at 294 (citing *Johnson*, 128 Ohio St. 3d at 162-63, 942 N.E.2d at 1070).

[100] *Id.*

although all forms of cocaine are chemically the same, the Ohio Supreme Court had found that the legislature had intended to make the possession of cocaine in crack form and powder form to be separate offenses.[101] Further, it observed that because crack cocaine is more potent to the user than powder cocaine, harsher penalties for crack cocaine are justified.[102] Thus, because the intent of the legislature is controlling, and because the legislature clearly intended for simultaneous possession of crack cocaine and powder cocaine to be two distinct offenses, it concluded that there was no double jeopardy violation.[103]

Similarly, it found that there was no violation in convicting Brown separately for two distinct counts of possession of crack cocaine and two separate counts of possession of powder cocaine. It noted that the first count of crack cocaine possession involved drugs in a small baggie located in a truck parked near the residence, while the second crack cocaine charge involved a larger amount of drugs found inside the house and stored in three mason jars and a plastic bag. In the same way, one of the powder cocaine counts rested on drugs found in the trunk of a car locked in an unattached garage on the property, while the other count concerned powder cocaine that was discovered in the house on top of the kitchen cupboard.[104]

---

[101] *Id.* at 297.

[102] *Id.* at 298.

[103] *Id.*

[104] *Id.* at 299.

Essentially, as the appeals court stated, the counts here arose from separate quantities of crack and powder cocaine, discovered in different locations and stored in different ways.[105] As such, it found that there was evidence that each count had been committed separately and with separate animus.[106]

In considering that decision in light of the applicable law cited above and giving deference to the adjudication of the Ohio court, I recommend that the decision as to this ground be found to be not an unreasonable application of the clearly established federal law of double jeopardy, and so Brown's claim in this regard should be denied.

Moreover, to the extent Brown claims a violation of the Eighth Amendment's ban on cruel and unusual punishment, he asserts the same basis for this claim as he did for the alleged Fifth Amendment violation. In that regard, the state court concluded that because there was no double jeopardy violation, there was then no violation of the prohibition of cruel or unusual punishments.[107]

For the reasons stated above, I also recommend finding that this element of the state court decision be found to be not contrary to clearly established federal law.

In sum, I recommend that all of ground three be denied on the merits.

---

[105] *Id.* at 299-300.

[106] *Id.* at 300.

[107] *Id.* at 301.

c. *Ground four – improper comment on Brown's silence at trial; Ground five – improper consideration of Brown's lack of remorse in sentencing*

Here, Brown argues that these two grounds should be considered together.[108] Essentially, he contends that despite his constitutional right to remain silent, the circumstantial evidence is that the trial judge's finding of no remorse, upon which a stricter sentence was based, must itself have been impermissibly founded on Brown's silence.[109] In that regard, Brown asserts that Ohio's sentencing law, which directs the sentencing court to consider a showing of or lack of genuine remorse as a factor in whether the offender is likely to commit future crimes, is likely unconstitutional.[110]

The Ohio appeals court, in addressing this claim, found that a determination that a defendant lacked remorse is an appropriate consideration in sentencing, "'even for a convicted defendant who maintains his innocence.'"[111] In addition, the appeals court noted that the determination of a witness's credibility is for the trier of fact and that most of what a witness "says" in his testimony is in the form of non-verbal behavior – which the trial judge here was able to evaluate as to whether Brown exhibited any remorse.[112]

---

[108] ECF # 7 at 42.

[109] *Id.* at 46. "The sentencing judge was clear – I asked you for your statement, you refused, and hence you show no remorse. This is a clear Fifth Amendment violation."

[110] *Id.* at 43-44.

[111] ECF # 5-1 at 302 (internal citation omitted).

[112] *Id.* at 304 (citations omitted).

While Brown now attempts to strenuously argue against reading too much into non-verbal signs that may or may not have been present in his case, the State points to a decision by Judge Polster which notes that "[w]hile federal law restricts a court from increasing a sentence because a defendant exercised his Fifth Amendment rights to remain silent, it does not prohibit a sentencing court from consider[ing] a defendant's lack of remorse."[113]

Although Brown is arguably correct to observe that there is no proof that the sentencing judge in this case actually based the finding of lack of remorse on observed non-verbal elements of Brown's presence in court and not on Brown's silence, that is ultimately an irrelevant point. The trial judge here made no explicit findings as to the reason for his judgment as to a lack of remorse, and Brown's case is essentially circumstantial in maintaining that improper reasons must have been behind the conclusion. As is well-established, the federal habeas court evaluates the decision of the state appeals court with deference and asks whether that decision is a "reasonable" application of the clearly applicable law – not necessarily the only application or even the one which this Court would adopt *de novo*.

In such a light, I recommend finding that the conclusion of the appeals court – that it would defer to the trial judge's observations of Brown's demeanor in court as an acceptable basis for the permissible finding on remorse – is not an unreasonable application of clearly

---

[113] *Russell v. Anderson*, No. 1:07 CV 3434, 2008 WL 4534144, at *5 (N.D. Ohio Oct. 6, 2008) (citations omitted).

-28-

established federal law. I further note, as does the State, that Brown has not provided any clearly established federal law to show that Ohio's sentencing law in this regard is either unconstitutional on its face or as particularly applied to him.[114] As is well-settled, where there is no clearly established federal law to support a petitioner's argument, "the argument must fail."[115]

Accordingly, for the reasons stated, I recommend that grounds four and five of the petition be denied.

## Conclusion

As more fully set forth above, I recommend that the petition of Neal D. Brown for a writ of habeas corpus be dismissed in part and denied in part.


Dated: March 10, 2014                    s/ William H. Baughman, Jr.
                                         United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[116]

---

[114] ECF # 5 at 33.

[115] *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (citing *Williams*, 529 U.S. at 412).

[116] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).