PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NEAL D. BROWN | ) | |
| | ) | CASE NO. 3:11cv2725 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JOHN COLEMAN, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Regarding ECF Nos. 8; 9] |

On March 10, 2014, Magistrate Judge William H. Baughman, Jr. issued a report ("R&R") recommending that Petitioner Brown's Petition for Writ of Habeas Corpus be dismissed in part and denied in part. ECF No. 8. Brown timely objected on March 10, 2014. ECF No. 9.

## I. Legal Standard

When an objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id*. The district judge may: accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

Accordingly, the Court has conducted a *de novo* review of the magistrate judge's report and has considered Petitioner's objections. The Court agrees with the recommendation of the magistrate judge that the petition be dismissed in part and denied in part.

(3:11cv2725)

## II. Background[1]

Brown was indicted in 2009 on four counts of possessing crack cocaine and cocaine in differing amounts, including possession of cocaine in an amount exceeding one thousand grams. ECF No. 8 at 3. After entering a plea of not guilty, Brown moved to suppress evidence seized in a search of his home. Id. Following a hearing, Brown's motion was denied, and a jury trial was commenced. Id. Brown was found guilty on all four counts. Id. At his sentencing hearing, Brown was sentenced to a total of 25 years in prison. Id.

Brown's appeals through the state court system were unsuccessful. Id. at 4-7. He filed a federal habeas petition in the instant court and raised five grounds. Id. at 7. The magistrate judge recommends that Ground One be dismissed as non-cognizable and Grounds Two, Three, Four and Five be denied. Id. at 16-29.

## III. Discussion

### A. Ground One

In Ground One, Brown argues that the state trial court denied his motion to suppress in violation of his Fourth Amendment right to be free of unreasonable searches. Id. at 16. The magistrate judge, relying on Stone v. Powell, 428 U.S. 465 (1976), determined that Ground One should be dismissed as non-cognizable. ECF No. 8 at 7. Brown objects and argues, as he did before the magistrate judge, that Stone was decided before the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and does not, therefore, apply to his case. ECF No. 9 at 2. He further argues that the United States Supreme Court would decide Stone differently today. Id. at 4. Brown also submits that, even if Stone does apply, he did not have a "full and fair litigation"

---

[1] The relevant facts recited herein are taken from the R&R, ECF No. 8.

(3:11cv2725)

on his Fourth Amendment claim in state court.  *Id*. at 8.

As noted by the magistrate judge, *Stone* remains good law in the Sixth Circuit.  ECF No. 8 at 18 (citing *Lennox v. Goodrich*, 2013 WL 5874746, at * 2 (N.D. Ohio Oct. 30, 2013) (citing *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013)).  Brown argues that *Ray* is inapplicable because it applied *Stone* to petitions for habeas relief pursuant to 28 U.S.C. § 2255, concerning federal prisoners, and that Brown's petition for habeas relief is pursuant to 28 U.S.C. § 2254, which concerns state prisoners.  ECF No. 9 at 2.  Brown urges the Court to find *Stone* inapplicable to petitions filed pursuant to 28 U.S.C. § 2254.  *Id*. at 5.

In support, Brown relies on *Young v. Conway*, 715 F.3d 79 (2nd Cir. 2013).  The citation is a concurrence and a dissent of a Second Circuit panel decision to deny *en banc* review.  The Second Circuit's decision on the merits, *Young v. Conway*, 698 F.3d 69, 86 (2nd Cir. 2012), found that the state's failure to raise the *Stone* decision in the underlying case precluded the state from raising *Stone* on appeal.  The court determined that the rule in *Stone* was not jurisdictional and, therefore, the court did not have a duty to raise the issue *sua sponte*.  *Id*. at 85-86.  The court noted that the Supreme Court in *Stone* and since *Stone* has explained that the rule is not jurisdictional.  *Id*. at 85 (citing *Stone*, 428 U.S. at 494 n. 37; *Withrow v. Williams*, 507 U.S. 680 (1993)).

There appears to be no dispute that *Stone* is non-jurisdictional.  However, *Stone* still applies to petitions filed pursuant to 28 U.S.C. § 2254 in the Sixth Circuit.  See *Lennox*, 2013 WL 5874746, at * 2 (applying *Stone* to a petition filed pursuant to 28 U.S.C. § 2254); *Ray*, 721 F.3d at 762 (affirming denial of a Fourth Amendment argument pursuant to 28 U.S.C. § 2255, stating, "[w]e see no reasoned basis to distinguish between § 2254 and § 2255 when applying the

(3:11cv2725)

Supreme Court's holding in *Stone*"). Moreover, speculation as to what the current United States Supreme Court would find regarding *Stone* is best left to the Supreme Court.

Brown submits that, even if *Stone* does apply, "[w]hat amounts to a 'full litigation' or 'fair litigation' is unclear." ECF No. 9 at 8. The magistrate judge, citing *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000), set out the rule in the Sixth Circuit for determining whether a Fourth Amendment claim may proceed in a habeas case: "(1) whether the state procedural mechanism, in the abstract, presents the opportunity to raise the Fourth Amendment claim, and (2) whether the presentation of the petitioner's claim was, in fact, frustrated by a failure of that mechanism." ECF No. 8 at 18. Because Brown failed to allege that there was any structural failure of Ohio's mechanism for adjudicating his claim, and the record reflected that the state court provided a full and fair opportunity for Brown to litigate his claims, the magistrate judge concluded that the claim is not cognizable. *Id.* at 19.

In his objection, Brown does not identify any structural failure of Ohio's mechanism for adjudicating his claim. Instead, he contests that the magistrate judge focused only on "the idea of structure" which goes to the question of "full," but does not consider the question of "fair." ECF No. 9 at 8-9. He challenges the Sixth Circuit case *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982) as also only addressing the question of "full." *Id*. *Riley* is still good law, and continues to be applied in the Sixth Circuit. *See, e.g.*, *Render v. Warden, S. Ohio Corr. Facility*, 889 F.Supp.2d 1014, 1029-30 (S.D.Ohio 2012); *Abdul-Mateen v. Hofbauer*, 215 F.3d 1325, at *3-4 (6th Cir. 2000) (table). Brown's dissatisfaction with the application of *Riley* and *Stone* is not grounds for rejecting the rules articulated in each. His objection to Ground One, therefore, is overruled. The Court adopts the R&R recommendation that Ground One be dismissed.

(3:11cv2725)

### B. Ground Two

In Ground Two, Brown argues that he was denied a fair trial because "the prosecutor was allowed to comment negatively upon [Brown's] assertion" of his right to not consent to a DNA search. ECF No. 9 at 11-12. At trial, the prosecutor asked the investigator,

> Q: Okay. And it's my understanding that you—there had been some evidence preserved from the narcotics that were seized from 110 E. 14th St., is that correct?
> A: Correct.
> Q: Okay. And based upon that did you ask the defendant if he would provide a DNA sample?
> A: Yes, Ma'am.
> Q: Okay. And did he agree to do that?
> A: He did not agree to it.
> Q: Okay.
> A: At which time I prepared a search warrant and presented it to the judge up here in Allen County Common Pleas Court and they did sign that we had probable cause to obtain DNA from Mr. Brown.
> Q: Okay. And then was the DNA sample subsequently taken from this defendant?
> A: Yes, Ma'am.
> Q: Okay, and were you present when that was taken?
> A: Yes, I was.

ECF No. 8 at 19-20 (citing transcript, ECF No. 6 at 268-69). Defense counsel objected, and, as a result, was permitted to follow up by cross-examining the investigator and eliciting from him that Brown had a constitutional right to refuse to consent to the DNA search. Id. at 21. The court also provided a limiting instruction to the jury that re-emphasized that Brown had a constitutional right "'not to incriminate himself [by relinquishing his DNA] and that once he asserted that right the State had the right to get a search warrant.'" Id. (citing ECF No. 5-1 at 292).

The state appeals court found that the prosecutor's questions were made "in an effort to establish the sequence of events regarding how Brown's DNA evidence was used for comparison purposes" to other DNA from the drugs, and not for impeaching Brown for his refusal to consent

(3:11cv2725)

to a DNA search. ECF No. 5-1 at 294. The court also determined that, "as a result of defense counsel's cross-examination, it was made abundantly clear to the jury that Brown had a Fourth Amendment right to refuse to consent to the search, and that obtaining a warrant was just a part of the process in ensuring the protection of his constitutional right." Id. The court observed the investigator testified that "refusing to consent to the DNA search and getting a warrant as a response 'was no big deal.'" Id. at 293. The investigator "acknowledged that Brown had a constitutional right and that there was a particular process and procedure to follow in situations like these in order to protect a defendant's constitutional rights." Id. at 293-94. The right to refuse was emphasized again to the jury by the court's limiting instruction—that Brown "had the right to not to incriminate himself and that once he asserted that right the State had the right to get a search warrant." Id. at 294. Lastly, the court of appeals noted "that the State did not make any additional comments regarding Brown's refusal to consent to the DNA search throughout the remainder of the trial, and that overall Brown received a fair trial." Id.

In his objection, Brown contends that the magistrate judge "errantly concluded that there was no penalty suffered by Mr. Brown" resulting from the investigator's remark that Brown refused to consent to the DNA search. ECF No. 9 at 12. He submits the "curative measures" to alleviate the problem were insufficient because the case "involves serious problems with the DNA evidence." Id. at 13. He posits that the state "bolstered its shoddy science with a strong implication that Neal Brown knew that the DNA would somehow damn him." Id. at 14.

Brown's argument, that there were "serious problems with the DNA evidence," does not speak to why or how the curative measures taken by the trial judge were insufficient, as he

(3:11cv2725)

alleges.[2]  Thus, his objection is overruled.  The Court adopts the R&R recommendation that the appeals court's decision was not an unreasonable application of the clearly established law of Doyle v. Ohio, 426 U.S. 610 (1976), because the facts show that Brown did not suffer a penalty as a result of exercising his constitutional right not to consent to the DNA search.  Accordingly, Ground Two is denied.

### C.  Ground Three

In Ground Three, Brown argues that his sentence was cruel and unusual because it imposed cumulative punishments for the same offense.  ECF No. 9 at 15.  The magistrate judge summed up Brown's argument as follows:

> Brown's argument here is that although he was convicted on four counts, he was essentially convicted only of a single thing—the possession of cocaine.  He contends that the fact that the cocaine was in two forms (powder and crack) and in different amounts and locations (the residence and a vehicle) is relevant only as they are different degrees of a single offense.  Alternatively, he contends that the charges should have been merged into two counts—one each for possession of crack cocaine and powdered cocaine.

ECF No. 8 at 22.

Brown, in his objection, argues that the magistrate judge erroneously rejected his argument for two reasons.  First, Brown alleges the magistrate judge "seems to have agreed that the Ohio Supreme Court has already defined possession of powder cocaine and crack cocaine as 'separate offenses.'"  ECF No. 9 at 15.  He argues that Ohio Supreme Court precedent is to the contrary and cites State v. Delfino, 490 N.E.2d 884 (1986).

---

[2]  Brown accurately describes the partial dissenting judge's criticism in the appeals court regarding the prosecutor's questioning.  See ECF No. 9 at 12.  However, Brown fails to mention that the judge concurred with the majority's ruling on Ground Two because the judge determined that Brown's counsel, by cross-examining the witness regarding Brown's right to refuse a DNA search, waived Brown's objection to the questioning.  ECF No. 5-1 at 310-11.

(3:11cv2725)

In *Delfino*, the court discussed the application of R.C. § 2925.11(C) to possession of marijuana and possession of cocaine, relying on the United States Supreme Court decision *Blockburger v. U.S.*, 284 U.S. 299 (1932). *Delfino*, 490 N.E.2d. at 888 ("the *Blockburger* test can be used to ascertain whether the legislature intended to have a single transaction constitute separate offenses even though they are proscribed by a single statutory provision."). Subsequent Ohio courts, including the court of appeals in Brown's case, have found offenses involving cocaine and crack cocaine to be separate offenses under R.C. § 2925.11(C). *See State v. Brown,* 2011 WL 1106709, at *13 (Oh. Ct. App. March 28, 2011) (citing *Delfino* and *Blockburger*); *State v. Ligon*, 902 N.E.2d 1011, 1021 (Oh. Ct. App. 2008); *State v. Blandin*, 2007 WL 4225492, at *6 (Oh. Ct. App. Dec. 3, 2007); *State v. Crisp*, 2006 WL 1381631, at *4-6 (Oh. Ct. App. May 22, 2006). The Ohio Supreme Court has not ruled otherwise, and the magistrate judge did not mischaracterize the legal authority.

Brown also argues that the magistrate judge's conclusion—that there was no unreasonable application of clearly established federal law when the court of appeals found Brown committed four separate acts—should be rejected. ECF No. 9 at 16. Beyond describing the magistrate judge's finding, and asserting that the "analysis should be rejected because this case involved nothing more than a search of a residence and discovery of cocaine in various places," Brown offers no reason why the magistrate judge's finding was erroneous. *See id*. The magistrate judge's finding is supported by the record. The Court overrules Brown's objections, and adopts the R&R recommendation that Ground Three be denied.

### D. Grounds Four and Five

Grounds Four and Five were analyzed together, and involve Brown's right to remain

(3:11cv2725)

silent at his sentencing. ECF No. 8 at 27. Brown argues that the sentencing judge, per the Ohio Revised Code, considered whether Brown showed genuine remorse at sentencing. *Id*. Brown submits that his right to remain silent conflicts with the sentencing judge's consideration of genuine remorse, and is, therefore, unconstitutional. *Id*.

Brown, in his objection, argues that the magistrate judge erroneously concluded that Brown did not provide clearly established federal law indicating that Ohio's sentencing guidelines are unconstitutional. ECF No. 9 at 18. Brown submits that he had offered *Mitchell v. U.S.*, 526 U.S. 314, 321 (1999), "for the premise that a court cannot use silence at sentencing against the accused as the right against self-incrimination follows the defendant to sentencing." ECF No. 8 at 18. In *Mitchell*, the Supreme Court held that a guilty plea does not waive the right to silence at sentencing, and that a defendant's silence at sentencing may not be used against her in determining the facts of the offence. *Mitchell*, 526 U.S. at 325, 328-330. The *Mitchell* Court also provided, "[w]hether silence bears upon the determination of a lack of remorse, . . ., is a separate question. It is not before us, and we express no view on it." *Id*. at 330. Thus, *Mitchell* does not support Brown's assertions. Brown also identifies *Russell v. Anderson*, 2008 WL 4534144 (N.D. Ohio Oct. 6, 2008) and *Ketchings v. Jackson*, 365 F.3d 509 (6th Cir. 2004). In *Russell*, the defendant spoke and maintained his innocence. 2008 WL 4534144, at *5. In *Ketchings*, the defendant spoke, and the sentencing judge impermissibly criticized the defendant's failure to admit guilt, instead of permissibly considering his remorsefulness. 365 F.3d at 514. Neither case is factually analogous to the instant case, and they do not support Brown's argument.

Finally, Brown disagrees with the magistrate judge's finding that the appeals court, in

(3:11cv2725)

deferring to the trial judge's observations of Brown's demeanor in court as an acceptable basis for considering remorse, did not unreasonably apply clearly established federal law. ECF No. 9 at 20. The magistrate judge observed,

> The trial judge here made no explicit findings as to the reason for his judgment as to a lack of remorse, and Brown's case is essentially circumstantial in maintaining that improper reasons must have been behind the conclusion. As is well-established, the federal habeas court evaluates the decision of the state appeals court with deference and asks whether that decision is a "reasonable" application of the clearly applicable law—not necessarily the only application or even the one which this Court would adopt *de novo*."

ECF No. 8 at 28. In his objection, Brown does not provide the Court with anything other than the same circumstantial allegations regarding the trial judge that Brown offered to the magistrate judge. Nor does Brown fault the well-established standard the magistrate judge applied. Accordingly, Brown's objections to the R&R are overruled. The Court adopts the magistrate judge's recommendation that Grounds Four and Five be denied.

### IV.  Conclusion

For the reasons stated above, the Court adopts the Report and Recommendation(ECF No. 8) in its entirely and dismisses Brown's Petition in part and denies it in part. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from its decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

| | |
|---|---|
| March 18, 2014 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |